# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KDA Holdings, LLC, a Nevada limited liability company,

    Plaintiff

v.

Paul A. Garcia, an individual; Acer Capital Group, LLC, a Nevada limited liability company,

    Defendants

Case No.: 2:16-cv-02560-JAD-CWH

**Order Denying Motions for Summary Judgment**

[ECF Nos. 29, 30]

    KDA Holdings, LLC sues Paul A. Garcia and Acer Capital Group, LLC for their alleged failure to fund a $50 million loan for a diamond purchase or refund KDA's deposit on that loan.[1] Discovery has closed, and KDA and Acer both move for summary judgment—KDA arguing (without citing to any evidence in the record) that "clearly" all elements of its fourteen claims are satisfied, and Acer contending that KDA's failure to disclose any evidence whatsoever has left KDA unable to prove its claims. Because I find that neither party has met its summary-judgment burden, I deny both motions.

## Background

    Paul Garcia and his company Acer Capital Group are in the business of lending large sums of money. In the Fall of 2015, they were in discussions to loan KDA Holdings, LLC $150 million for uncut precious gems, but the loan deal never came to fruition.[2] Months later, the parties entered into new negotiations, but the purpose of that loan and the course of the

---

[1] ECF No. 29 at 1.

[2] ECF No. 29 at 19, ¶ 7; ECF No. 31 at 3, ¶ 3.

discussions are disputed.³ During the negotiations, KDA wired to Acer $500,000 (1% of the loan amount) as a "capital call deposit."⁴ KDA's principal Simon Abraham characterizes this sum as a "fee" that it paid "upon promises made by Acer to quickly fund the [l]oan,"⁵ and Acer argues that it was a good-faith showing that it required "[d]ue to [its] fruitless exercise with KDA Holdings the year prior."⁶ Like the first loan, this one never funded, and KDA refunded only half of the deposit. Acer contends that it "continues to hold the remaining $250,000.00 because, upon information and belief, those monies were fraudulently acquired by KDA Holdings."⁷ As support for this theory, it cites to a default judgment entered in *Ilani v. Abraham, et. al*, 2:17-cv-692-APG-PAL, in which the court held that KDA and Abraham fraudulently induced the Ilanis to lend $2.5 million based on the representation that the gemstones offered as collateral were worth more than $3 million, when they were actually worth just $15,000, and KDA never repaid the loan.⁸

In this case, however, KDA is on the offensive. It sues Acer and Garcia, alleging more than a dozen statutory, tort, and contract claims and seeking remedies that include damages, an accounting, restitution, and injunctive and declaratory relief.⁹ KDA now moves for summary

---

³ *Compare* ECF No. 29 at 19 (affidavit of Simon S. Abraham, indicating that the loan was for the acquisition of precious gemstones), *with* ECF No. 31- 3 (Executive Summary reflecting the loan was "to acquire" an aerospace company).

⁴ ECF No. 31-4 at 3 (8/12/16 email from Garcia).

⁵ ECF No. 29 at 20, ¶¶ 10–11.

⁶ ECF No. 31 at 4, ¶ 7; ECF No. 31-4 at 2–3 (email in which Garcia states, "we have spent entirely too much time with zero execution which . . . does create some challenges with questions about the borrower and how real they are.").

⁷ ECF No. 31 at 4, ¶ 11.

⁸ *Ilani v. Abraham, et. al*, 2:17-cv-692-APG-PAL, ECF No. 33 (order granting in part application for default judgment).

⁹ ECF No. 9.

judgment on each of its claims.[10]  Acer and Garcia oppose the motion[11] and bring their own motion for summary judgment in their favor on all claims.[12]

## Discussion

A. **Legal considerations for evaluating cross motions for summary judgment**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[13]  The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[14]  If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[15]

Who bears the burden of proof on the factual issue in question matters.  When the party moving for summary judgment would bear the burden of proof at trial (typically the plaintiff), "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[16]  If the moving party establishes the absence of a genuine issue of fact

---

[10] ECF No. 29.

[11] ECF No. 31.

[12] ECF No. 30.  I find both motions suitable for disposition without oral argument.

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[14] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[15] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

[16] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir.1992) (citation and quotations omitted)).

on each issue material to its case, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."[17]

When instead the opposing party would have the burden of proof on a dispositive issue at trial, the moving party (typically the defendant) doesn't have to produce evidence to negate the opponent's claim; it merely has to point out the evidence that shows an absence of a genuine material factual issue.[18] It is not enough for the moving party to simply state that the nonmoving party does not have sufficient evidence. The moving party must make "reasonable efforts, using normal tools of discovery, to discover whether the nonmoving party has enough evidence to carry its burden of persuasion at trial."[19] "When simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of"—and against—"both motions before ruling on each of them."[20]

**B.     Evaluating these cross motions**

Neither side has satisfied its burden as the movant in these competing cross motions for summary judgment. KDA's motion offers a six-page story under the heading "Statement of Undisputed Material Facts," in which it describes documents that include "a Term Sheet and Loan Commitment" and details their terms. And it tells a riveting, John Le Carré-style tale of the African diamond trade and Russian financiers. But none of these captivating facts is tied to

---

[17] *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991) (citation omitted).

[18] *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *Celotex*, 477 U.S. at 323–24.

[19] *Nissan Fire & Marie Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000) (citing *Clark v. Coats & Clark, Inc.*, 929 F. 2d 604, 608 (11th Cir. 1991)).

[20] *Tulalip Tribes of Washington v. Washington*, 783 F.3d 1151, 1156 (9th Cir. 2015) (citing *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two,* 249 F.3d 1132, 1134 (9th Cir. 2001)).

the record. KDA fails to provide a single document that it references in this account—no term sheet, no loan-commitment document, no email, proof of wire transfer, or shred of correspondence. The lone evidentiary item it offers in support of the claims that take 29 pages to develop in its amended complaint is the three-page affidavit of Simon Abraham, which lacks the depth of details that KDA's motion offers. Key among those details are the terms of the agreement about the $500,000 deposit. Although KDA argues in its motion that "The Loan Commitment provided that the Defendants would return the Fee if the Loan did not close by September 8, 2016,"[21] this detail is absent from Abraham's declaration.[22] The net result of this anemic effort is that KDA has failed to satisfy its summary-judgment obligation for any claim, so I deny its motion.[23]

Garcia and Acer's motion suffers the same fate. Their three-page effort attaches no documents and is founded on the single premise that "During the course of the litigation, [KDA] has undertaken no action to prosecute its claims. It has served no discovery, taken no depositions, and has not provided its initial disclosures required by applicable statute."[24] This representation is not supported by affidavit or any document in the record. Although Garcia and Acer's opposition to KDA's motion claims it is supported by a declaration of Garcia,[25] no such declaration was ever filed. Rule 56 requires the court to grant summary judgment only when

---

[21] ECF No. 29 at 7, l. 23–24.

[22] *See* ECF No. 29 at 19–21.

[23] Even if I had concluded that KDA met its burden, so the burden shifted to Garcia and Acer, I would still deny the motion. The email exchange attached to the defense's opposition suggest a different course of discussions than KDA offers, leaving me with genuine issues of fact that preclude summary judgment on any claim. *See* ECF Nos. 31-2–31-6.

[24] ECF No. 30 at 3, ¶ 5.

[25] *See* ECF No. 31 at 3, ¶ 1.

"the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[26] Although this can be done by "showing that" the plaintiff "cannot produce admissible evidence to support" a fact,[27] Acer and Garcia have failed to approach, let alone clear, even that low hurdle. I thus deny their motion for summary judgment.

## Conclusion

Because neither party has met its burden to avoid trial on any claim,

IT IS HEREBY ORDERED that the motions for summary judgment **[ECF Nos. 29, 30] are DENIED.**

IT IS FURTHER ORDERED that **this case is referred to the magistrate judge for a Mandatory Settlement Conference.**

Dated: June 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[26] Fed. R. Civ. P. 56(a).
[27] Fed. R. Civ. P. 56(c)(1)(B).